1  EAGAN AVENATTI, LLP
   Michael Q. Eagan, Bar No. 63479
2  meagan@eoalaw.com
   Michael J. Avenatti, Bar No. 206929
3  mavenatti@eoalaw.com
   450 Newport Center Drive, Second Floor
4  Newport Beach, CA 92660
   Tel:   (949) 706-7000
5  Fax:   (949) 706-7050

6  Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DEVIN CLEMENCE, on behalf of himself and all others similarly situation<br><br>Plaintiff,<br><br>vs.<br><br>POWER BALANCE LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. SACV 11-00025 CJC (MGLx)<br><br>ASSIGNED FOR ALL PURPOSES TO: Hon. Cormac J. Carney<br><br>**CLASS ACTION**<br><br>**DEFENDANT POWER BALANCE, LLC'S NOTICE OF MOTION AND MOTION TO STAY THIS ACTION PENDING COURT CONSIDERATION OF THE NATIONWIDE CLASS SETTLEMENT OR, ALTERNATELY, THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S RULING ON THE PENDING MOTIONS TO TRANSFER**<br><br>**Hearing Date:** March 21, 2011<br>**Hearing Time:** 1:30 p.m.<br><br>Complaint Filed: January 5, 2011<br>Trial Date: None set |

**DEFENDANT'S MOTION TO STAY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on March 21, 2011 at 1:30 p.m., before the Honorable Cormac J. Carney, at 411 West Fourth Street, Courtroom 9B, Los Angeles, CA 92701, Defendant Power Balance LLP ("Defendant" or "Power Balance") will and hereby does move the Court for an order staying this action pending the Court's consideration of a nationwide class settlement reached in *Batungbacal v. Power Balance LLC*, No. SACV11-00018 (C.D. Cal. 2011) or, alternately, the Judicial Panel on Multidistrict Litigation's ruling on the pending motions to transfer.

On February 4, 2011, Defendant Power Balance participated in a mediation before Justice John Trotter (Ret.) in the putative class action *Batungbacal v. Power Balance LLC*. After that mediation and the days that followed, the parties reached a tentative class wide settlement regarding the claims asserted in that action. The parties are presently finalizing documentation relating to the settlement and expect to submit that documentation to this Court next week. The *Batungbacal* Action raises essentially identical claims to those raised in this action and is also brought on behalf of a putative nationwide class. Accordingly, in order to promote judicial economy, the convenience of the parties, and to eliminate potentially duplicative efforts, Defendant respectfully requests a stay of this action pending Court approval of the class wide settlement in the *Batungbacal* Action.

Alternately, Defendant respectfully requests that this action be stayed pending the Judicial Panel on Multidistrict Litigation's ruling on the pending motions to transfer. If granted, these motions would transfer to this Court and consolidate numerous similar actions pending nationwide for pretrial and discovery purposes. A stay pending the resolution of the pending motions to transfer is appropriate considering (1) the hardship to the moving party if the stay is not granted; (2) the lack of any prejudice to the non-moving party if the stay is granted; and (3) the economical use of judicial resources.

1  This motion is and will be based on this notice of motion and motion, the
2  attached memorandum of points and authorities, the Declaration of Michael J. Avenatti
3  and exhibits attached thereto, the files and records of the Court, and such further
4  evidence as may be presented prior to or at the hearing.

6  Dated: February 10, 2011           EAGAN AVENATTI, LLP

                                      By:      /s/ Michael J. Avenatti

                                      Michael J. Avenatti
                                      Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION:

On February 4, 2011, Defendant Power Balance LLC ("Defendant") participated in a mediation before Justice John Trotter (Ret.) in the putative class action *Batungbacal v. Power Balance LLC*, No. SACV11-00018 (C.D. Cal. 2011) ("*Batungbacal* Action").  After that mediation and the days that followed, the parties reached a tentative class wide settlement regarding the claims asserted in that action.  The parties are presently finalizing documentation relating to the settlement and expect to submit documents relating to the settlement to this Court next week.  The *Batungbacal* Action raises essentially identical claims to those raised in this action and is also brought on behalf of a putative nationwide class.  Accordingly, in order to promote judicial economy, the convenience of the parties, and to eliminate potentially duplicative efforts, Defendant respectfully requests a stay of this action pending Court approval of the class wide settlement in the *Batungbacal* Action.  Alternately, Defendant respectfully requests that this action be stayed pending the Judicial Panel on Multidistrict Litigation's ruling on the pending motions to transfer.  If granted, these motions would transfer to this Court and consolidate numerous similar actions pending nationwide for pretrial and discovery purposes.

## II.   FACTUAL BACKGROUND

Defendant Power Balance LLC markets and sells Power Balance wristbands, bracelets, pendants, necklaces, and other products that are advertised as containing "Mylar Holograms" which purport to cause certain physiological benefits in those that wear them.  The present putative class action (the "*Clemence* Action") is one of many similar actions filed in courts across the country including, not only multiple actions in California, but actions filed in Florida, Alabama, and New Jersey as well.  These actions were filed in both state and federal courts and at present involve at least fifteen (15) separately pending actions, in federal court alone, raising similar allegations and purporting to be on behalf of similarly defined putative classes of consumers

(collectively, the "Power Balance Actions"). [See Avenatti Decl. Exs. 1-15 (Attaching the complaints in each action filed in federal court)]  The *Batungbacal* Action is the first filed of these numerous lawsuits and is also pending before this Court and Your Honor. [Id.]

The *Clemence* Action, along with all of the Power Balance Actions, alleges that Power Balance's marketing of the physiological benefits of the products was deceptive and that consumers were deceived by the marketing. In particular, the *Clemence* Action focuses on representations allegedly made on Power Balance's website and alleges that the representations are "not supported by any science or scientific studies." [Avenatti Decl. Ex. 4 ¶ 15 (Clemence complaint)]  The *Clemence* Action also targets purported admissions made by Power Balance in response to an Australian government investigation. [Id. at ¶¶ 3, 19-23]  The *Clemence* Action is brought on behalf of a nationwide class defined as "[a]ll persons in the United States who purchased any Power Balance product between January 1, 2007 and the present day." [Id. at ¶ 32] The Complaint asserts causes of action for violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, Uniform Commercial Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and for restitution/unjust enrichment.

Similarly, the *Batungbacal* Action focuses on the claim that Power Balance deceptively marketed its products and made deceptive or misleading claims that deceived consumers. As with the *Clemence* Action, the *Batungbacal* Action contains allegations regarding Power Balance's marketing of the claimed physiological benefits of its products. [Avenatti Decl. Ex. 3 at ¶¶ 5, 33-39 (Batungbacal complain)]  Further, the *Batungbacal* Action relies on the same purported admissions made by Power Balance in the context of an investigation by the Australian government. [Id. at ¶¶ 8, 40]  Like the *Clemence* Action, the *Batungbacal* Action is premised on the claim that Power Balance's marketing is not supported by any scientific evidence. [Id. at ¶ 40] The *Batungbacal* Action is also brought on behalf of a nationwide class and covers the

same class period. [Id. at 44] The *Batungbacal* Action asserts causes of action for violations of the Uniform Commercial Law, False Advertising Law, and Consumer Legal Remedies Act.

As noted above, on February 4, 2011, the parties in the *Batungbacal* Action participated in a mediation before Justice Trotter (Ret.). [Avenatti Decl. ¶ 5] During the mediation, the parties began to make considerable progress towards a class wide settlement agreement. [Id at ¶ 5] In the days that followed, the parties reached further agreement concerning a final settlement and the parties are in the process of drafting and filing the documents necessary to obtain Court approval of the settlement. [Id. at ¶¶ 5-6] If approved, the settlement reached in the *Batungbacal* Action will settle and release, on behalf of a nationwide class, any and all claims regarding the marketing of Power Balance products, including but not limited to: (i) whether the advertising of any Power Balance products violate any applicable laws, rules or regulations, including, but not limited to, state and federal laws, rules or regulations; (ii) whether Power Balance made false or misleading statements when advertising its products; (iii) whether Power Balance misrepresented the benefits or characteristics of its products; (iv) whether Power Balance engaged in fraudulent, unfair or unlawful business practices in violation of California Business & Professions Code Section 17200 et seq. and 17500 et seq.; and (v) whether Power Balance violated any provisions of the California Consumer Legal Remedies Action, California Civil Code Section 1770 *et seq*. [Id. at ¶ 7] The terms of the settlement are such that, through a claims procedure, ***full refunds*** will be provided to those consumers who purchased Power Balance products and are dissatisfied with the product. [Id. at ¶ 8] Furthermore, Defendant will be substantively changing the advertising and marketing of its products. [Id.]

Accordingly, because of the overlap between the *Clemence* and *Batungbacal* Actions, both of which are based on Power Balance's marketing of its products and brought on behalf of putative nationwide classes, and because a nationwide class settlement in the *Batungbacal* Action will have preclusive effect on the *Clemence*

Action, Defendant is requesting that this action be stayed pending Court approval of the *Batungbacal* Action settlement. In the absence of a stay, Defendant anticipates that the parties will be forced to engage in duplicative and likely unnecessary motion practice regarding the sufficiency of the pleadings and allegations as well as extensive and burdensome discovery that will likely place significant burdens on both the parties and the Court. [Avenatti Decl. ¶ 10]

Indeed, in further evidence of the substantial overlap between the actions and potential for unnecessary and duplicative work, Defendant notes that, as of this filing, two motions to consolidate and transfer the Power Balance Actions have been filed before the Judicial Panel on Multidistrict Litigation ("JPML"). [See Avenatti Decl. Exs. 16 & 17 (MDL motions and supporting papers)] These motions have been filed by plaintiffs in two of the individual actions and are premised on the similarity of the actions and likelihood of overlapping and duplicative discovery and other work should these numerous actions be litigated separately. [Id.] If the motions to transfer are granted,[1] this action will be impacted by that determination and all of the Power Balance Actions pending in federal court would be transferred to this Court for pretrial purposes. [Id.] For the reasons discussed below, the pendency of these motions also weighs in favor of the stay of this action.

## III. ARGUMENT

There is no reason for this Court, the parties, or counsel to invest time and effort litigating approximately fifteen cases simultaneously that will likely be rendered moot if this Court approves a nationwide class settlement in the *Batungbacal* Action. A stay will not prejudice the parties or this Court because discovery has not yet begun. A brief stay will not prevent Mr. Clemence from litigating this case to the fullest extent allowed under the federal rules should the stay be later lifted. No public interest will be harmed

---

[1] Defendant is unlikely to oppose the motions to transfer, but may request that a final determination of those motions be delayed until after the Court considers the settlement in the *Batungbacal* Action.

1  by a stay, as the proposed settlement, if approved, will provide full refunds to those
2  consumers who believe that they were deceived by Power Balance's marketing and,
3  pursuant to the settlement, Power Balance will be altering its advertising practices.
4  Courts regularly grant stays in similar circumstances, and this Court should do so here.

5       As the United States Supreme Court has made clear, "the power to stay
6  proceedings is incidental to the power inherent in every court to control the disposition
7  of the causes on its docket with economy of time and effort for itself, for counsel, and
8  for litigants." Landis v. North American. Co., 299 U.S. 248, 254; 57 S. Ct. 163; 81 L.
9  Ed. 153 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962);
10  Mediterranean Enters. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983); Hines
11  v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976).  Thus, "[a] trial court may, with
12  propriety, find it is efficient for its own docket and the fairest course for the parties to
13  enter a stay of an action before it, pending resolution of independent proceedings which
14  bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863
15  (9th Cir. 1979).  "This rule applies whether the separate proceedings are judicial,
16  administrative, or arbitral in character, and does not require that the issues in such
17  proceedings are necessarily controlling of the action before the court." Id. at 863-64. In
18  deciding whether to stay, "the competing interests which will be affected by the
19  granting or refusal to grant a stay must be weighed." CMAX, 300 F.2d at 268.  These
20  interests "are the possible damage which may result from the granting of a stay, the
21  hardship or inequity which a party may suffer in being required to go forward, and the
22  orderly course of justice measured in terms of the simplifying or complicating of issues,
23  proof, and questions of law which could be expected to result from a stay." Id. (citing
24  Landis, 299 U.S. at 254-255); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1110
25  (9th Cir. 2005).

26       Here, there is no possible hardship or inequity to Plaintiff's interests should this
27  action be stayed pending Court approval of the settlement in the *Batungbacal* Action.
28  As noted above, the actions are virtually identical in their respective claims and

allegations and brought on behalf of the same putative nationwide class. Further, the settlement agreement is favorable to Plaintiff's interests and, through the claims procedure established by the settlement, will allow Plaintiff (and any other consumers) to obtain a full refund of the money they spent in purchasing any Power Balance product. Finally, the settlement will result in changes in Defendant's advertising practices. To the extent that Plaintiff in this action is dissatisfied with the terms of that *Batungbacal* settlement, Mr. Clemence will have the ability to object to those terms before this Court and prior to approval of the settlement.

On the other hand, Power Balance will suffer the hardship of being forced to litigate identical lawsuits across the country all while trying to finalize a settlement that will effectively resolve the claims in those separate actions. As stated above, this will likely result in substantial motion practice regarding the sufficiency of the pleadings, as well as other matters, duplicative discovery and related motion practice, and will likely place a significant burden on both Defendant and the Court. [Avenatti Decl. ¶ 10]

It is not uncommon for district courts in this circuit to stay a case pending the approval of a class settlement in another action. See, e.g., Williams v. Costco Wholesale Corp., No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 19674, at *3 (S.D. Cal. Mar. 4, 2010) (Noting that the case was stayed pending the approval of overlapping class claims in a state action); Annunziato v. eMachines Inc., No. SACV 05-610-JVS (MLGx), 2006 U.S. Dist. LEXIS 97020, at *14-17 (C.D. Cal. July 24, 2006) (Granting motion to stay pending approval of a class settlement in a separately pending action). Indeed, in the Annunziato case, this Court determined that where the separately pending class settlement subsumed the claims in that action, the interest of "efficiency is best achieved by granting a temporary motion to stay." Id.

As an alternative ground, and in addition to the settlement reached in the *Batungbacal* Action, the pendency of the motions to transfer before the JPML provides a basis to stay this action. If granted, the motions to transfer would consolidate the various Power Balance Actions pending in federal court nationwide before this Court

and Your Honor for pretrial and discovery purposes. [Avenatti Decl. Exs. 16 & 17 (MDL motions to transfer)] "[D]istrict courts often will exercise their discretionary power to stay the proceedings before them with regard to a variety of matters pending a decision by the Panel regarding the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency that are deeply embedded in the federal multidistrict litigation statute." Wright et al., 15 Fed. Pract. & Proc. Juris. § 3866.1; see also Rivers v. The Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("A majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."); Good v. Altria Group, Inc., 624 F. Supp. 2d 132, 136 (D. Me. 2009) (noting that "even if the Court were inclined to speculate that transfer is unlikely, considerations of judicial economy weigh heavily in favor of imposing a brief stay").

When a motion for transfer has been filed, district courts typically consider three factors in determining whether to stay proceedings pending a ruling from the JPML: (1) the hardship to the moving party if the stay is not granted; (2) the potential prejudice to the non-moving party if the stay is granted; and (3) the economical use of judicial resources. Good, 624 F. Supp. 2d at 134; Rivers, 980 F. Supp. at 1360. All three considerations weigh in favor of staying these proceedings.

The first factor favors granting a stay to alleviate the hardship to Defendant of litigating the exact same claims about the exact same products in fifteen different actions across the country. The Power Balance cases raise duplicative factual and legal issues, call for nearly identical document production, and will require testimony from the same Power Balance employees.

The second factor likewise favors granting a stay because Mr. Clemence will not be prejudiced if this case is stayed. As noted above, the JPML will hear the motion to transfer, so the stay, if granted, will be in effect for only a few months. Once the JPML has ruled, Mr. Clemence will have a full opportunity to serve discovery, to take fact

depositions, to engage experts and to litigate his case.

Finally, the third factor also favors granting a stay because proceeding with this case in light of the pending motion to transfer risks wasted judicial effort. Each Power Balance lawsuit attacks the same advertising. The facts that underlie these suits are common to all of them. As a result, the same questions about the scope and limits of discovery, the nature and admissibility of any the same questions about the scope and limits of discovery, the nature and admissibility of any expert testimony and other issues will likely arise in each Power Balance Action.

## IV. CONCLUSION

A stay of this case will conserve judicial resources, avoid duplicative litigation, prevent prejudice to the parties, and increase efficiency and consistency. Granting a stay will not prejudice any party, but denial of the stay will result in substantial hardship to Defendant. This Court should, therefore, enter an order staying all proceedings pending the Court's consideration of approval of the settlement of the *Batungbacal* Action or, alternately, pending resolution of the motions to transfer pending before the JPML.

Dated: February 11, 2011             EAGAN AVENATTI, LLP

                         By:    /s/ Michael J. Avenatti
                                Michael J. Avenatti
                                Attorneys for Defendant